[Crim. No. 4858.   Second Dist., Div. Three.   Oct. 17, 1952.]

THE PEOPLE, Respondent, v. MILTON GUTHRIE et al., Defendants; LESLIE EARL SHICKNER, Appellant.

William M. Brandon and Francis X. Marnell for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Assistant Attorney General, for Respondent.

WOOD (Parker), J.—Defendants were charged with violation of section 288a of the Penal Code. Defendant Guthrie pleaded guilty. Defendant Shickner was found guilty in a trial by a jury. Proceedings were suspended and probation was granted. Defendant appeals from the order denying his motion for a new trial.

Appellant contends that the court erred in refusing to give certain instructions requested by him.

■ The theory of the defense was that appellant was intoxicated and did not knowingly participate in the act. Two police officers arrested defendants about 3:20 a.m. on January 24, 1952, in a room in a Turkish bathhouse. According to the testimony of the officers, there was no light in the room when they entered; they directed the beams of their flashlights on the bed, and for approximately 10 seconds they observed an act, which was in violation of section 288a, being committed by Guthrie on the person of appellant, who was lying on the bed; the only clothing on appellant was a shirt; one of the officers turned the ceiling light on, and then the appellant sat up in bed. One of the officers testified that during the 10 seconds he did not see appellant's face, did not know whether appellant was asleep or awake, and that appellant made no movement until the light went on; he (officer) asked appellant why he did not push the other fellow away, and appellant replied, "Well, I just didn't"; appellant walked from the room to the office and got his clothes, and then he returned to the room and dressed. The officers testified further that appellant's walk and speech seemed normal; his eyes were bloodshot; the officers were of the opinion that appellant had been drinking but he was not under the influence of intoxicating liquor.

Appellant testified that he had been drinking at a nearby café on the night of January 23d; he was drunk and he did not remember leaving the café or going to the bathhouse; he remembered someone telling him to get off the street; the next thing he remembered was the bright light of a flashlight in his face; he got up and the officers said that they (appellant and Guthrie) were under arrest; he did not recall any of the conversation with the officer (at the bathhouse); he remembered going down some steps and riding in a police car; Guthrie was sitting next to him in the police car, and that was the first time he had ever seen Guthrie.

Appellant contends that the court erred in refusing to give instructions requested by him to the effect that the defendant

should be acquitted if the jury found that defendant was intoxicated to such a degree that he was not aware of the act being perpetrated upon him; or that he was asleep or unconscious at the time of the act; or that he did not knowingly participate in it.

The court gave the following instruction: "Our law provides that 'no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.' This means that drunkenness, if the evidence shows that the defendant was in such a condition when allegedly he committed the crime charged, is not of itself a defense in this case. It may throw light on the occurrence and aid you in determining what took place, but when a person in a state of intoxication, voluntarily produced by himself, commits a crime such as that charged against the defendant in this case, the law does not permit him to use his own vice as a shelter against the normal, legal consequences of his conduct. *Where, however, a person commits an act without being conscious thereof, however that condition may have been caused, he does not thereby commit a crime even though such an act would constitute a crime if committed by a person while conscious and if there be a reasonable doubt as to whether such person was conscious of such act he is entitled to an acquittal.*" (Italics added.)

Appellant asserts that said instruction would lead the jury to believe that the defendant must be "completely" unconscious in order for an unconscious condition to be a defense. He argues that it would be a defense if the defendant was without knowledge of the act being committed even though he was not completely unconscious. He states that there should have been an instruction that defendant must be acquitted if he was so intoxicated that his mind was in such a state, either from sleep, stupor, or unconsciousness, that he could not knowingly participate in the act. The instruction above quoted, which was given, stated that where a person commits an act without being conscious "thereof," however that condition may have been caused, he does not thereby commit a crime, and that if there be a reasonable doubt as to whether such a person was "conscious of such act" he is entitled to acquittal. That instruction was applicable under the evidence, and it was a sufficient instruction under the theory of the defense.

Appellant contends also that the court erred in not instructing the jury regarding circumstantial evidence; and

that the court erred in not giving an instruction to the effect that, with respect to circumstantial evidence, the jury must be satisfied that the facts are such as to be inconsistent with any other rational conclusion than that of guilt. He argues that such an instruction should have been given because the evidence as to whether he knowingly participated in the act was entirely circumstantial. In refusing to give such an instruction, the judge stated that the case was not based entirely or chiefly on circumstantial evidence but it was based on direct evidence. Whether it is prejudicially erroneous to fail to give such an instruction depends upon the evidence in the particular case. In the present case, as above stated, the officers testified that the defendant sat up in bed immediately after they turned the light on; that defendant walked and talked normally; and that in their opinion he was not intoxicated. Defendant testified that he got up when the light was turned on; and that the officers said that he was under arrest. In view of the strong direct evidence herein, it was not necessary that such an instruction be given.

Appellant cites the case of *People* v. *Rayol,* 65 Cal.App.2d 462 [150 P.2d 812], wherein a conviction under section 288a was reversed on the ground that the evidence as to whether the defendant was a conscious participant was circumstantial and that such an instruction on circumstantial evidence should have been given. That case is factually distinguishable from the present case.

The order denying the motion for a new trial is affirmed.

Shinn, P. J., and Vallée, J., concurred.